**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

AARON JIMMIE URBAN,

       Petitioner,

v.                                   Case No. 2:25-cv-00034

CHRIS MASON, Acting Superintendent,
South Central Regional Jail,

       Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 2).  This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITIONER'S CLAIM FOR RELIEF

On January 21, 2025, Petitioner, a state pre-trial detainee being held at the South Central Regional Jail in Charleston, West Virginia, filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2).  The petition first asserts a denial of due process based upon an allegedly "forged," unsigned, or incomplete indictment, and further alleges that Petitioner has been denied effective assistance of counsel or the right to represent himself.  (*Id.* at 6).  Petitioner also contends that he has been denied equal protection and the right to a speedy, public trial after being held in custody for more than 19 months.  (*Id.* at 6-7).  The petition further indicates that Petitioner has

filed pro se motions to dismiss the indictment and sought a writ of prohibition which was allegedly denied since he is represented by counsel, but he provides no specific information concerning those filings. (*Id.* at 7). Petitioner seeks dismissal of his state criminal action, release from custody, and compensation for wrongful imprisonment. (*Id.*)

This is not Petitioner's first attempt at seeking federal habeas corpus relief in this court concerning his present pre-trial custody. Petitioner unsuccessfully filed a prior § 2241 petition in Case No. 2:23-cv-00710, which was dismissed by Judge Goodwin on May 16, 2024. (Case No. 2:23-cv-00710, ECF No. 15). In that Memorandum Opinion and Order, of which the undersigned takes judicial notice, the Court indicated that Petitioner has been in state pre-trial detention on his current criminal charges since July 12, 2023. (*Id.* at 2). The Memorandum Opinion and Order further sets forth that Petitioner was indicted by a Kanawha County grand jury on April 5, 2023, in a six-count indictment charging him with first-degree robbery, use of a firearm in commission of a felony, fleeing with reckless indifference to the safety of others, child neglect creating a substantial risk of serious bodily injury or death, and being a prohibited person in possession of a firearm. (*Id.* at 3, citing *State v. Urban*, No. 23-F-139 (Cir. Ct. Kanawha Cnty. Apr. 5, 2023).

Judge Goodwin's Memorandum Opinion and Order further indicates that Petitioner's trial on those charges was continued due to concerns about his competency; however, the circuit court set a cash bond of $25,000 and stated that Petitioner could be released to the supervision of the Kanawha County Home Confinement Department upon posting bond, which apparently did not occur. (*Id.*) Thereafter, the circuit court

2

granted Petitioner's motion for a psychological evaluation.  (*Id.*)  From a review of the circuit court criminal docket sheet in Case No. 23-F-139, the circuit court has continued to wrestle with issues concerning Petitioner's competency and continued evaluations thereof since that time.  Thus, the state criminal action is still pending in the circuit court.  The circuit court docket sheet also reflects that, on or about November 12, 2025, the Supreme Court of Appeals of West Virginia (the "SCAWV") denied Petitioner's petition for a writ of prohibition about being forcibly medicated, following oral argument by counsel on September 23, 2025.  *See United States v. Urban*, No. 24-547 (W. Va. Nov. 12, 2025).  It does not appear that the SCAWV considered any claims concerning the merits of or delays in Petitioner's state criminal proceedings.

Judge Goodwin dismissed the petition in Case No. 2:23-cv-00710, in large part, based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."  *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).  As set forth further below, the instant petition should be similarly dismissed without prejudice, as Petitioner may raise his federal claims in his on-going state court proceedings.  Moreover, Petitioner must exhaust his claims in the state courts before he may pursue relief under § 2241 herein.  Finally, Petitioner may not seek monetary damages in a habeas corpus proceeding.

## ANALYSIS

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  This court, however, is unable to grant Petitioner his requested relief under 28 U.S.C. § 2241 for several reasons.

First, as a pre-trial detainee, Petitioner's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), as he has done here, but only *after* he fully exhausts his state remedies.  Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a section 2241 petition in federal court.  *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).

Although Petitioner suggests that he has presented his speedy trial and other claims to the State's highest court through a petition for a writ of prohibition, such a petition is not considered to be a proper form of exhaustion in the habeas corpus context. *See Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986).  Moreover, Petitioner has other remaining avenues in the state court to address these claims – *i.e.*, a motion to dismiss indictment or a motion to suppress evidence, as well as the opportunity to file a direct appeal, and (if necessary) an application for state post-conviction relief.  *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See Younger*, *supra,* 401 U.S. at 44. The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). The petitioner's case certainly meets these three criteria.

A court should disregard *Younger*'s mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). To prevail under the bad faith exception, Petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). Petitioner has a heavy burden to overcome the bar of *Younger* abstention and must set forth "more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997). Petitioner's filings fail to satisfy this heavy burden.

Furthermore, to the extent that Petitioner seeks "compensation for wrongful imprisonment," he may not do so through a habeas corpus proceeding because monetary damages are not an available remedy in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is

not an appropriate or available federal remedy."); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113 (4th Cir. 2003) ("To the extent that appellant sought money damages, such relief is not available under § 2241 . . . an action for monetary damages is properly pursued by way of a civil rights action.").   Nor can he presently seek such relief through a civil rights complaint, as the same would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   In *Heck*, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.   A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable in a civil rights action.   *Id.*[1]   Petitioner's state criminal proceedings are on-going and have not been so invalidated.

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not exhausted all available state court remedies and has pending state criminal proceedings through which he may present his federal claims.   Therefore, this court should abstain from reviewing his section 2241 petition. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition, and this civil action, without prejudice.

---

1  While the Supreme Court has overruled cases applying *Heck* to bar claims filed before a plaintiff's conviction, it further stated that "[i]f the plaintiff is ultimately convicted, and if . . . the civil suit would impugn that conviction, *Heck* would require dismissal . . . ."   *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

December 15, 2025

Dwane L. Tinsley
United States Magistrate Judge

7